IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. 1:25-cv-13487 |
| Plaintiff, | : |
| v. | : |
| ALPHA ELECTRIC GROUP LLC D/B/A OMNI POWER and OUR WORLD ENERGY LLC, | : |
| Defendants. | : |

## JOINT STATUS REPORT

Pursuant to the Court's minute entry dated November 28, 2025, the parties submit this Joint Status Report:

**1. Status of service of process on each defendant.**

Each defendant has been served.

**2. Description of each party's claims and defenses.**

<u>Plaintiff's Description of Claims.</u>

Plaintiff brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §227 and related regulations, alleging that Defendants made, or caused to be made, telemarketing calls to Plaintiff and other persons whose numbers were registered on the National Do Not Call Registry, without the required consent, and after receiving multiple calls within a twelve-month period. Plaintiff alleges that Alpha Electric Group LLC, doing business as Omni Power made the calls and that Our World Energy LLC is also liable, including under agency and vicarious liability principles.

Our World Energy attacks Mr. Moore for having previously filed lawsuits against defendants who have made unlawful calls to his number on the National Do Not Call Registry. "[N]othing in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017). *See also Moore v. Club Exploria, LLC*, No. 19 C 2504, 2023 U.S. Dist. LEXIS 144183, at *18 (N.D. Ill. Aug. 17, 2023) ("However, the Seventh Circuit has said that frequent litigators may be better able to manage the litigation, so that is not a disqualification"); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("What the district judge did not explain, though, is why 'professional [plaintiff]' is a dirty word. It implies experience, if not expertise. The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders."); *Abramson v. Oasis Power LLC*, No. 2:18-cv-00479, 2018 U.S. Dist. LEXIS 129090, at *16 (W.D. Pa. July 31, 2018) ("As other courts addressing this issue have agreed, a citizen's decision to aggressively enforce his rights under the TCPA should not negate otherwise valid privacy interests").

Merely because Mr. Wilson is able to identify those who placed calls to him illegally does not deprive him of harm or standing any more "than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into." *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017) (denying motion for summary judgment in TCPA case related to a similar standing argument).

<u>Our World Energy's Description of Its Positions and Defenses.</u>[1]

---

[1] This description is only intended to serve as a brief overview of Our World Energy's positions and defenses. Our World Energy reserves the right to expand upon its positions and defenses and/or assert additional defenses as this lawsuit progresses and as discovery may dictate.

Our World Energy's business consists of installing state-of-the-art, locally-manufactured solar panels that are designed to save end consumers money. Our World Energy is headquartered in the State of Arizona and does business in Arizona, Texas and New Mexico. Important to this case, Our World Energy does not do business in the State of Illinois (and never has done business in the State of Illinois).

For business development purposes, Our World Energy contracts with independent contractors (vendors) for lead generation and/or sales development services. The agreements that Our World Energy enters into with these contractors establish that the relationship between Our World Energy and the entity is an independent contractor relationship, and not an employer-employee or principal-agent relationship. Moreover, and critical here, these agreements explicitly require the contractors to comply with federal and state do-not-call laws.

In October 2025, Plaintiff[2] has alleged that he received two phone calls from Defendant Alpha Electric Group, LLC d/b/a Omni Power ("Omni") that violated the Telephone Consumer Protection Act (the "TCPA"). Plaintiff has alleged that Our World Energy should be liable for the allegedly violative phone calls on an agency basis (i.e., as Omni's principal). Our World Energy maintains that it cannot be directly liable because it did not place any of the complained-of phone calls and that it cannot be vicariously liable for Omni's (or any other contractor's) actions because its relationship with Omni is an independent contractor relationship. *See, e.g., Moore v. Charter Comm's, Inc.*, 523 F.Supp.3d 1046, 1054 (N.D. Ill. Oct. 27, 2020).[3]

---

[2] Plaintiff is a serial TCPA litigant. Since 2019, Plaintiff has filed over thirty (30) TCPA lawsuits—a substantial number of which have been filed on a class action basis.
[3] The plaintiff in that lawsuit is the same plaintiff in this lawsuit (and is represented by the same attorney, Anthony Paronich).

3

Our World Energy does not do business in the State of Illinois, and without an agency relationship, there is no basis to impute any third-party's contacts with the State of Illinois to Our World Energy. *See id.* As a result, the Court lacks personal jurisdiction over Our World Energy. *Id.*

<u>Alpha Electric Group, LLC d/b/a Omni Power's Description of Its Positions and Defenses.</u>Omni is a solar panel sales company headquartered in Scottsdale, Arizona. Omni denies that it placed telemarketing calls to Plaintiff and other persons whose numbers were registered on the National Do Not Call Registry and that Plaintiff is entitled to the relief sought. Omni therefore denies it violated the TCPA and denies all liability. Omni denies it caused Plaintiff any damages, denies Plaintiff sustained any damages, and denies Plaintiff is entitled to any relief. Omni's responsive pleading deadline is January 9, 2026 and intends to file an answer.

**3. Settlement discussions**

As this matter is a putative class action, Plaintiff believes that some discovery regarding the potential scope of the calling conduct is required before settlement discussions can advance.

Defendants do not believe there is any legal and/or factual basis to hold them liable. Nonetheless, Defendants are willing to participate in reasonable settlement discussions.

**4. Schedule**

<u>Plaintiff's Proposed Case Scheduling Deadlines.</u>

Plaintiff proposes the following scheduling deadlines:

1. Amend Pleadings and Add Parties: **April 2, 2026**
2. Initial Expert Disclosure Deadline: **June 29, 2026**
3. Rebuttal Expert Deadline: **July 30, 2026**
4. Discovery Cutoff: **July 30, 2026**

5. Dispositive Motions/Class Certification: **August 31, 2026**

Our World Energy's Position Regarding Case Scheduling Deadlines.

In light of the Rule 12(b) motion that it intends to file, Our World Energy believes that it is premature to agree to case scheduling deadlines. In the event that the Court desires to enter case scheduling deadlines, Our World Energy believes that the following deadlines should apply:

1. Amend Pleadings and Add Parties: **August 7, 2026**

2. Class Certification Deadline: **August 31, 2026**

3. Initial Expert Disclosure Deadline: **October 30, 2026**

4. Rebuttal Expert Deadline: **November 30, 2026**

5. Discovery Cutoff: **December 31, 2026**

6. Dispositive Motion Deadline: **January 29, 2027**

Our World Energy believes these deadlines are more appropriate than Plaintiff's proposed deadlines for at least three reasons: (1) it would allow sufficient time for Our World Energy's Rule 12 motion to be fully brief and submitted to the Court for decision; (2) Our World Energy should be entitled to know whether the lawsuit will be permitted to proceed on a class action basis well before any dispositive motion deadline (because whether or not the lawsuit will proceed on a class action or individual basis may impact dispositive motion practice strategy); and (3) the parties will need time to conduct expert discovery after the disclosure expert deadlines.

Omni does not oppose Our World Energy's request to stay case scheduling deadlines pending ruling on its Rule 12 motion. Should the Court decline to stay case schedule deadlines, Omni agrees with Plaintiff's proposed deadlines.

7. **Other Matters**

Other Matters Identified by Our World Energy.

Our World Energy intends to file a motion pursuant to Federal Rule of Civil Procedure 12(b), asking the Court to dismiss Plaintiff's claims against Our World Energy for (i) lack of personal jurisdiction; and (ii) failure to state a claim upon which relief can be granted.

Separately, in the event its Rule 12 motion is not granted, Our World Energy anticipates that it will challenge Plaintiff's adequacy for serving as class representative.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: December 30, 2025

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*s/ Natalie Burris*
Natalie Burris
 Justin M. Penn
 Natalie Burris
 Hinshaw & Culbertson LLP
 151 North Franklin Street, Suite 2500
 Chicago, IL 60606
 Phone: 312-704-3000
 Fax: 312-704-3001
 jpenn@hinshawlaw.com
 nburris@hinshawlaw.com

*/s/ Erik J. Ives*
Erik J. Ives (ARDC #6289811)
FOX, SWIBEL, LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1202
eives@foxswibel.com

Caleb Bulls (*pro hac vice forthcoming*)
KELLY HART & HALLMAN, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Facsimile: (817) 878-9280
caleb.bulls@kellyhart.com

*Attorneys for Defendant One World Energy LLC*