**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| George Moore, on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br><br> v.<br><br>Alpha Electric Group LLC d/b/a Omni Power and Our World Energy, LLC<br><br>    *Defendant*. | Civil Case No.: **1:25-cv-13487**<br><br>**Judge: Mathew F. Kennelly**<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S MOTION TO COMPEL ALPHA ELECTRIC GROUP LLC

## INTRODUCTION

This Court has made clear that the parties are to conduct discovery with respect to the claims and defenses of Alpha Electric Group LLC d/b/a Omni Power ("Omni") and that they must completed jurisdictional discovery (which relates to the vicarious liability of Our World Energy for Omni's conduct or lack thereof) by May 13, 2026. ECF No. 29. To effectuate that, the Plaintiff served discovery on both defendants. Omni, however, has not produced their correspondence (a) with or about Our World Energy and (b) with Kingman Solar Power LLC, the call center they entered into a Joint Venture with to make the telemarketing calls at issue. Curiously, Omni *has not objected* to these requests. They've simply failed to provide the responsive documents. A motion to compel should be granted so the parties can complete discovery within the timeline provided by this Court and can schedule the depositions they've been trying to.

1

## LOCAL RULE 37.2 MEET AND CONFER STATEMENT

The parties have met and conferred a number of times on the discovery dispute, including on the phone. Counsel for the Plaintiff, Anthony Paronich, and counsel for the Defendant Natalie Burris, have communicated in writing on March 22, 30 and on the phone on April 1, 2026.

During that meet and confer, Omni committed to providing any supplemental responses and an explanation for the lack of communications produced by April 3, 2026. That did not occur. On April 4, 2026, counsel for the Plaintiff contacted Omni about the same. On April 6, 2026, counsel for Omni indicated a further supplement to occur by April 13, 2026. This did not happen.

As part of that e-mail counsel for the Defendant also indicated that there is a large volume of correspondence between the defendants and with Kingman. Despite the fact that Omni did not object to providing all of the correspondence, the Plaintiff still provided search terms. Omni did not respond and has made no supplemental production.

## BACKGROUND

This action arises from an unlawful telemarketing campaign promoting the sale and installation of solar energy products. Plaintiff alleges that he received unsolicited telemarketing calls placed to his residential telephone number, which is registered on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act ("TCPA").

The calls at issue were made on behalf of co-Defendant Alpha Electric Group LLC d/b/a Omni Power, which acted as a sales vendor and installer for Defendant Our World Energy LLC. In discovery, Omni Power revealed they had a joint venture with Kingman Solar Power LLC and produced an agreement identifying the same. *See* Exhibit 1. That Agreement expressly provides that the parties "jointly establish and operate a call center dedicated to solar energy appointment

2

generation and related services." The Agreement further reflects that Omni Power funded the call center's operations—including payroll, equipment, and facilities—while Kingman contributed its call center expertise, personnel, and management, including hiring and overseeing agents responsible for generating leads through outbound communications. *Id.*

The Agreement also establishes a revenue-sharing structure tied directly to the call center's output, with profits from call center operations split between the parties. As such, discovery into the relationship between Defendants—including their communications, coordination, and oversight of telemarketing activities—is central to Plaintiff's claims. In particular, correspondence between Defendants and any call center or telemarketing operation used to place the calls is directly relevant to issues of agency, control, knowledge, and ratification. That is why Omni likely conceded to produce it, they simply have not done so.

## LAW AND ARGUMENT

The Plaintiff is seeking to compel a response to four document requests, which are attached as Exhibit 1. The document requests sought are RPD No. 9 and 15, and are discussed below.

I. **Quote Storm has Failed to Complete its Production of Correspondence with Kingman Solar Power LLC, the call center they entered into a Joint Venture with to make the telemarketing calls at issue, or with the co-Defendant Our World Energy.**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure broadened the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense…. Information within this scope need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

3

The requested evidence is critical to the fact intensive inquiry necessary to resolve the question of vicarious liability, as other courts have held in the TCPA vicarious liability context. *See e.g. Braver v. Northstar Alarm Sercs., LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D. Okla. 2019) (detailing email and other communications as basis for finding vicarious liability in a TCPA telemarketing case); *see also In re Monitronics Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10028, *20-23 (N.D. W.V. 2014) (granting motion to compel discovery relevant to vicarious liability in a TCPA telemarketing case). Recognizing the needs for these documents to engage in a vicarious liability analysis, the same requests were compelled by another federal court in a TCPA vicarious liability putative class action in *Frey v. Frontier Utilities Northeast, LLC, et. al.*, Civil Action No. 19-2372, Dkt. No. 77 (E.D. PA, April 13, 2020):

> Frey also seeks records of communications between Frontier and EAG about telemarketing and consumer acquisition. (Doc. No. 52 at p. 4.) Frey argues that the communications are "highly relevant to the issue of vicarious liability because the communications will show the extent to which EAG is an agent of Frontier and the extent to which Frontier authorized the telemarketing calls at issue, controlled EAG's activities in the telemarketing campaign, and benefitted from the telemarketing campaign." (Doc. No. 52 at p. 4.) EAG has produced communications related to Frey's call, as well as copies of the contracts between EAG and Frontier, and EAG and Team Odd Jobs. (See Doc. No. 57 at p. 3.) …
>
> Frey has also shown that the communications between EAG and Frontier are relevant to Frey's claim for vicarious liability. EAG argues that it has produced communications related to Frey's call and the contracts between itself and Frontier and itself and Team Odd Jobs. But vicarious liability turns not only on the language used in a contract between the parties but also on "the actual practice between the parties." See Klein v. Commerce Energy, Inc., 256 F.Supp.3d 563, 584–85 (W.D. Pa. 2017) (explaining that "[v]icarious liability under the TCPA may be established under a broad range of agency theories, including formal agency, apparent authority and ratification" and under each theory, the "relationship between the parties is paramount in determining whether there can be vicarious liability"); see also Ruby v. DISH Network, LLC, No. 18-0400, 2019 WL 1466746 at *1 n.1 (E.D. Pa. March 26, 2019) (slip opn.) (relying on Klein for the proposition that "vicarious liability due to the existence of an agency relationship depends on the facts and circumstances of each case").

4

Indeed, *Omni has not objected to producing these documents*. *See* <u>Exhibit 1</u>. Indeed, Omni's own correspondence confirms the existence and volume of responsive communications that have not been produced. During the parties' meet-and-confer process, Omni represented that there are "more than 100,000 emails between Omni and OWE during the relevant time period, as well as additional correspondence between Omni and Kingman." Despite acknowledging the substantial volume of communications directly bearing on the call center operations and the relationships at issue, Omni have failed to produce those materials, even when the Plaintiff proposed search limitations to narrow the scope of production.

The communications between Omni and Our World or Kingman—particularly those concerning lead generation, dialing practices, compliance, and revenue sharing—are not only relevant, but central to Plaintiff's claims regarding agency, control, and ratification. Another court compelled nearly identical requests in a TCPA vicarious liability case holding:

> Plaintiffs' second motion to compel is also granted. In their second motion, plaintiffs seek discovery concerning Safe Streets' potential vicarious liability for the telemarketing conduct of co-defendants. The internal correspondence related to the vendors that contacted plaintiffs (Doc. Re. 16) is relevant to show whether Safe Streets can be held vicariously liable for their vendors' conduct. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 660 (4th Cir. 2019).

*Jones v. Safe Sts. USA LLC*, No. 5:19-CV-394-BO, 2020 U.S. Dist. LEXIS 105364, at *12 (E.D.N.C. June 16, 2020). The Plaintiff requests that this Court do the same.

## II. The Court Should Consider Discovery Sanctions for Omni's Failure to Provide Documents they Agreed to Produce

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should

be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted).

After granting in part and denying in part a motion to compel, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "In determining the proper apportionment of expenses, or whether to apportion expenses at all, the court will look to the relative degree of success of the party seeking fees." *Belcastro v. United Airlines, Inc.*, No. 17-cv-1682, 2020 U.S. Dist. LEXIS 44515, 2020 WL 1248343, at *4 (N.D. Ill. Mar. 15, 2020) (internal quotation marks and citation omitted).

Here, Omni's conduct reflects more than a mere delay—it demonstrates a continued failure to comply with its discovery obligations despite repeated meet-and-confer efforts and clear notice of the deficiencies. As reflected in the parties' correspondence, Omni acknowledged the existence of a substantial volume of responsive communications, and has not produced them. This failure is particularly prejudicial because the withheld communications go directly to the issues to be litigated in this limited jurisdictional discovery timeframe.

At minimum, the Plaintiff requests that the Court take these facts into consideration with respect that what occurs with the discovery schedule in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order compelling Alpha Electric Group LLC d/b/a Omni Power to produce all responsive correspondence with Our World Energy LLC and Kingman Solar Power LLC, including communications relating to telemarketing activities, call center operations, and the parties' business relationship.

Plaintiff further requests that the Court order such production to be completed within a short, definite timeframe so that jurisdictional discovery can be completed in accordance with the Court's schedule. In light of Omni's repeated failure to produce plainly relevant documents it has acknowledged exist, Plaintiff also respectfully requests that the Court consider appropriate relief under Rule 37, including costs and any other sanctions the Court deems just and proper.

Dated: April 14, 2026

PLAINTIFF:

By:  */s/ Anthony I. Paronich*
Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:   (508) 318-8100
Email: anthony@paronichlaw.com