**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| George Moore, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:25cv13487 |
| v. | ) ) | |
| | ) | Judge: Matthew F. Kennelly |
| Alpha Electric Group LLC d/b/a Omni Power, and Our World Energy LLC, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT ALPHA ELECTRIC GROUP LLC D/B/A OMNI POWER'S RESPONSE
TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

Defendant, ALPHA ELECTRIC GROUP LLC D/B/A OMNI POWER ("Defendant"), by and through its undersigned counsel, for its Response to Plaintiff's First Set of Document Requests, states as follows:

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE: Defendant directs Plaintiff to the materials produced herewith.**

2.      Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE: Defendant assumes the above request does not seek materials protected by the attorney-client or work-product privilege. To the extent it does, Defendant objects. Subject to and without waiving the foregoing objection, Defendant directs Plaintiff to the materials produced herewith.**

3.      Please produce all documents related to Plaintiff, including, but not limited to, all all forms, webflow recordings, or electronic data that Defendant contends show Plaintiff's consent and your investigation into outbound calls made to Plaintiff.

1

**RESPONSE: Defendant assumes the above request does not seek materials protected by the attorney-client privilege. To the extent it does, Defendant objects. Subject to and without waiving the foregoing objection, Defendant directs Plaintiff to the materials produced herewith. The outbound calls at issue were made by a third-party call center partner/subvendor, Kingman Solar Power LLC and Jesse Brower. Defendant did not make any outbound calls to Plaintiff and is not a call center or telemarketing organization. Defendant does not have possession, custody, or control of Kingman Solar Power LLC's or Jesse Brower's records, other than the records produced herewith.**

4.      Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE: See response to Request No. 3.**

5.      All communications between Defendant and the third party that provided the Plaintiff's phone number, or any intermediary, relating to consent verification, TrustedForm, or the Plaintiff's alleged form submission.

**RESPONSE: See response to Request No. 3.**

6.      Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls, text messages or records reflecting consumer opt-out handling. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE: Defendant assumes the above request does not seek materials protected by the attorney-client or work-product privilege. To the extent it does, Defendant objects. Subject to and without waiving the foregoing objection, none other than the Complaint.**

7.      All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

8.      All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE: None at this time.**

9.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

10.      All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

11.      All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE: None at this time.**

12.      All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

13.      All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** **None at this time.**

14. All contracts or documents representing agreements with Our World Energy.

**RESPONSE:** **Defendant will produce non-privileged documents responsive to this request.**

15. All communications with Our World Energy.

**RESPONSE:** **Defendant will produce non-privileged documents responsive to this request.**

16. All internal communications at your company regarding Our World Energy.

**RESPONSE:** **None at this time.**

17. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** **None at this time.**

18. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** **None at this time.**

19. Produce all documents reflecting any territory designations, target markets, approved states, or geographic limitations applicable to Defendant's marketing on behalf of Our World Energy, including any documents reflecting Illinois as an authorized territory.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

20. Produce all documents sufficient to show payments between Defendant and Our World Energy, including invoices, payment logs, payout schedules, commission reports, setoffs, chargebacks, withheld payment records, and any communications about payment disputes or compliance deductions.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

21. Produce all documents reflecting any instructions or requests that Our World Energy issued to Defendant regarding telemarketing practices, lead handling, compliance, or marketing operations, and Defendant's responses thereto.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

22. Produce all documents reflecting meetings between Defendant and Our World Energy concerning Defendant's telemarketing efforts, growth, lead volume, conversion, or sales performance, including agendas, notes, presentations, action items, calendars, and follow-up communications.

**RESPONSE: None at this time.**

23. Produce all documents reflecting training, instructions, policies, or guidance that Our World Energy provided to Alpha concerning telemarketing, DNC compliance, consent, scripts, sales practices, or lead handling.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

24.     Produce all marketing requirements, compliance manuals, codes of conduct, script rules, brand guidelines, and telemarketing restrictions that Our World Energy provided to Defendant, including any attachments referenced in agreements.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

25.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

     a)     compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

     b)     obtaining or verifying prior express consent;

     c)     complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**RESPONSE: Defendant assumes the above request does not seek materials protected by the attorney-client or work-product privilege. To the extent it does, Defendant objects. Subject to and without waiving the foregoing objection, Defendant will produce non-privileged documents responsive to this request.**

26.     Please produce all documents containing any of the following information for each outbound marketing call or text message sent by you or your vendors:

     a)     the date and time;

     b)     the caller ID;

     c)     any recorded message used;

     d)     the result;

e)      identifying information for the recipient; and

f)      any other information stored by the call detail records.

**RESPONSE:** **See response to Request No. 3.**

27.     Please provide documents that identify which of the foregoing calls were made to potentially generate customers for Our World Energy.

**RESPONSE:** **See response to Request No. 3.**

28.     Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.

**RESPONSE:** **See response to Request No. 3.**

29.     All documents relating to the purchase, licensing, transfer, receipt, intake, enrichment, or validation of consumer leads used to generate outbound calls, including lead delivery logs and lead source contracts.

**RESPONSE:** **See response to Request No. 3.**

30.     All documents sufficient to show revenue generated from leads, transfers, appointments, and sales resulting from outbound telemarketing during the Relevant Time Period, including commission schedules, payouts, and monthly reporting.

**RESPONSE:** **See response to Request No. 3.**

31.     All communications with any third party concerning this litigation other than your attorney.

**RESPONSE: Defendant will produce non-privileged documents responsive to this request.**

7

HINSHAW & CULBERTSON LLP


*s/ Natalie Burris*

Natalie Burris

Justin M. Penn
Natalie Burris
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3000
Fax: 312-704-3001
jpenn@hinshawlaw.com
nburris@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a copy of the foregoing document(s) was served via Electronic Mail on March 10, 2026, to the following counsel of record:

TO:   Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

Caleb B. Bulls
KELLY HART & HALLMAN, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
caleb.bulls@kellyhart.com
*Attorneys for Defendant Our World Energy*

Erik J. Ives
FOX, SWIBEL, LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
eives@foxswibel.com
*Attorneys for Defendant Our World Energy*

*s/ Natalie Burris*

9