**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

George Moore, on behalf of himself and others
similarly situated,

        Plaintiff,

v.

Alpha Electric Group LLC d/b/a Omni Power,
and Our World Energy LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:25cv13487

Judge: Matthew F. Kennelly

**DEFENDANT ALPHA ELECTRIC GROUP LLC d/b/a OMNI POWER'S RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL**

NOW COMES Defendant Alpha Electric Group LLC d/b/a Omni Power ("Defendant"),

by and through its attorneys, Hinshaw & Culbertson LLP, and in response to Plaintiff George

Moore's ("Plaintiff") April 14, 2026 Motion to Compel (Doc. No. 30), states as follows:

**INTRODUCTION**

Plaintiff seeks to compel production of documents responsive to Document Request Nos.

10[1] and 15 of his first set of requests for production. Plaintiff's motion fails because it is premature

and Plaintiff has failed to comply with Local Rule 37.2.

**BACKGROUND**

Document Request No. 10 seeks "All communications with any third party that dialed the

calls to the Plaintiff," and Document Request No. 15 seeks "All communications with Our World

Energy." *See* Mot., Ex. 2[2]. The outbound calls at issue in this case were made by a third-party call

center partner/subvendor, Kingman Solar Power LLC ("Kingman") and Jesse Brower ("Brower").

---

[1] Plaintiff's Motion references Document Request No. 9, which appears to be a typographical error.

[2] Plaintiff's Motion references two documents as "Exhibit 1." The Document Requests are attached as the second "Exhibit 1."

1

In its initial production response, Defendant limited its correspondence to that pertaining only to Plaintiff, but has now broadened its search for correspondence between Defendant and Kingman/Brower from November 2021 to present, which Defendant estimates to total approximately 10,000 text messages and WhatsApp chats. On April 15, 2026, Defendant requested proposed search terms from Plaintiff to potentially narrow down the volume of correspondence.

Defendant has also broadened its search for correspondence between Defendant and co-defendant Our World Energy LLC ("OWE") from November 2021 to present, and initially estimated that over 100,000 emails and text messages existed. After conferring with Plaintiff, Defendant employed the search using terms provided by Plaintiff and estimated that over 100,000 emails still existed.

On Monday, April 13, 2026, counsel for Plaintiff advised that "[i]f we don't have an agreement by Wednesday, we plan to compel what should be produced under your client's current responses." *See* relevant excerpt of email correspondence, attached hereto as **Exhibit A**. Accordingly, Defendant continued to collect the voluminous documents in response to Document Request Nos. 10 and 15 with the understanding that the parties had to Wednesday, April 15, 2026 to reach an agreement regarding the discovery dispute. However, on April 14, 2026, Plaintiff prematurely filed the instant motion. Due to the volume of correspondence and multiple email accounts used by Defendant, Defendant continued to confer with Plaintiff regarding a rolling production. *See id.*

## ARGUMENT

Defendant regrets that the Court need address this issue, as Defendant feels under these circumstances, the issue should have been resolved among the parties. In any event, Defendant respectfully submits that the instant motion should be denied.

2

This is not a circumstance where Defendant has refused to produce documents or has been uncooperative. On the contrary, Defendant has been conferring with Plaintiff and was working under the impression that Plaintiff had agreed to hold off on filing any motion until April 15, 2026. *See* Ex. A. However, Plaintiff, contrary to his representation, prematurely filed the instant motion on April 14, 2026, which did not allow the parties sufficient time to continue to work out an agreement regarding Document Request Nos. 10 and 15.

Defendant respectfully submits that under the circumstances, Plaintiff has failed to comply with Local Rule 37.2, which provides:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

Clearly, the Rule is not satisfied here as Plaintiff offered a date certain by which to "reach an accord," yet filed a motion before that date. Defendant respectfully submits that this motion is not in the spirit of Local Rule 37.2, or the general proposition that attorneys should work to efficiently avoid spending judicial and attorney resources on issues that can be otherwise resolved.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel, and for any other relief the Court deems fair and just.

HINSHAW & CULBERTSON LLP


*s/ Natalie Burris*
Natalie Burris

3

Justin M. Penn
Natalie Burris
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3000
Fax: 312-704-3001
jpenn@hinshawlaw.com
nburris@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, I electronically filed the foregoing **document(s)** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, reflecting service on all counsel of record.

*/s/ Natalie Burris*