**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

GEORGE MOORE, on behalf of himself and others similarly situated,

   Plaintiff,

v.

ALPHA ELECTRIC GROUP LLC D/B/A OMNI POWER and OUR WORLD ENERGY LLC,

   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
/

CIVIL ACTION FILE NO. 1:25-cv-13487

## <u>MOTION FOR RULE 16 STATUS CONFERENCE</u>

Plaintiff George Moore respectfully moves the Court pursuant to Federal Rule of Civil Procedure 16 for a brief status conference.

George Moore and the single defendant Our World Energy LLC have reached agreement on all substantive terms necessary to resolve this litigation and expect that this action can be dismissed promptly. The remaining issue preventing execution of the Settlement Agreement concerns one attorney-representation provision contained in the proposed Settlement Agreement.

Plaintiff's counsel have concluded that the provision raises a substantial question under the Rules of Professional Conduct governing their respective licenses to practice law. Despite extensive good-faith discussions, the parties have been unable to resolve this single issue, although the litigation with respect to these two parties is otherwise settled.

Accordingly, the Plaintiff requests a Rule 16 conference to obtain the Court's assistance in determining the appropriate procedure for concluding this action. Following arm's-length settlement negotiations, the parties reached agreement resolving all claims asserted in this action. The proposed Settlement Agreement 4, which provides that Plaintiff's counsel represents that

Complaint              1

counsel is not aware of any presently retained client asserting substantially similar claims against Defendant.

After reviewing that provision, Plaintiff's counsel concluded that it raises issues under the Rules of Professional Conduct applicable to counsel. In addition to reviewing the applicable Massachusetts Rules and consulting with the Massachusetts ethics hotline, Plaintiff's counsel reviewed ABA Formal Opinion 00-417, Ohio Board of Professional Conduct Opinion 2019-04, Texas Ethics Opinion 505, and District of Columbia Ethics Opinion 335, each of which addresses settlement provisions under Rule 5.6 or materially identical rules governing restrictions on a lawyer's right to practice. After reviewing those authorities, Plaintiff's counsel concluded that the proposed provision presents a substantial professional responsibility question that should not be disregarded.

The parties have not reached an impasse over settlement value or any substantive rights of the parties. Rather, the only remaining obstacle concerns whether Plaintiff's counsel may ethically execute one provision of the proposed Settlement Agreement consistent with their respective professional obligations. Judicial involvement at this stage would promote the just, speedy, and inexpensive determination of this action, consistent with the purposes of Rules 1 and 16.

DATED this 30th day of July, 2026.

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Complaint                                    2