IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 1:25-cv-13487 |
| ALPHA ELECTRIC GROUP LLC D/B/A OMNI POWER AND OUR WORLD ENERGY, LLC, | § § § § | |
| *Defendants.* | § § § § | |

## RESPONSE TO MOTION FOR RULE 16 STATUS CONFERENCE

Defendant Our World Energy, LLC ("OWE") hereby files this *Response to Motion for Rule 16 Status Conference*. In support, OWE respectfully shows the Court as follows:

**I.**

1. On July 30, 2026, Plaintiff George Moore ("Moore") filed his *Motion for Rule 16 Status Conference* (the "Motion"). In the Motion, Moore claimed that he and OWE "have reached agreement on all substantive terms necessary to resolve this litigation and expect that this action can be dismissed promptly." [Doc. 49, p. 1]. According to Moore, the only "remaining issue" concerned an attorney representation in the draft settlement agreement. Respectfully, Moore is wrong.

2. On July 22, 2026, Moore's counsel (Anthony Paronich) called OWE's counsel (Caleb Bulls) to see if OWE had any desire to pursue settlement before the upcoming jurisdictional depositions. Mr. Bulls indicated that OWE would likely be interested if a putative settlement was similar to one reached between OWE and an individual that Moore's counsel had represented in a separate lawsuit that had been filed in Texas last year. Shortly after that call, Mr. Paronich e-

mailed a formal demand, which set forth a monetary demand and further stated that "[t]he other terms would be the same as the last agreement . . . ."

3.      Mr. Bulls responded the following day with a counter-offer.  In that e-mail, Mr. Bulls expressed that he thought it made sense to try and reach an agreement on the monetary aspect of the settlement first and then the parties could negotiate the other terms of any settlement.  Mr. Bulls nonetheless indicated that any settlement agreement would need to include a term that Moore would not seek any further discovery from OWE—since the goal for OWE as part of the proposed settlement is to avoid further litigation costs.  Over the course of the ensuing week, the parties exchanged counter-offers relating to the monetary aspect of a settlement.  The parties ultimately agreed on the monetary component on July 28, 2026.

4.      On July 29, 2026, Mr. Bulls sent a draft settlement agreement to Mr. Paronich.  The draft agreement was similar in substance and language "as the last agreement," as Mr. Paronich had requested.  Later that evening, Mr. Paronich sent over a redline of the draft agreement, which contained multiple material changes.  Among other things, Moore's draft:

- Removed the provision agreeing not to pursue any further discovery from OWE or to subpoena OWE (even though Mr. Bulls's original e-mail indicated that this would be a sticking point);

- Removed a provision which provided that the settlement payment would be held in escrow until OWE was dismissed from the lawsuit; and

- Removed a hold harmless and indemnification provision.

The reason that OWE was interested in settling the case was so that it could put an end to the attorneys' fees and costs it has had to spend defending Moore's claims (which have been asserted on a class action basis).  The removal of the above-referenced provisions threaten that objective.

5.      Regarding the attorney representation provision, the Motion incorrectly claims that this provision is the "only remaining obstacle" and that this issue is "preventing execution of the

Settlement Agreement." Again, not accurate. As set forth above, there are other material terms that have to be negotiated in order reach a final resolution.

6. Regardless, it was certainly not OWE's intent to ask Mr. Paronich (or Moore) to enter an agreement that included a provision that violated public policy or ethical rules. This provision was simply a carry-over from a prior settlement that no party, including Mr. Paronich, had a problem with at the time or otherwise raised any concerns about. Immediately after Mr. Paronich raised a concern regarding this provision, Mr. Bulls (lead counsel for OWE) asked that Mr. Paronich call him. Mr. Bulls also repeatedly expressed that he did not intend to ask Mr. Paronich to sign any agreement that raised ethical concerns, and Mr. Bulls has reiterated that, given Mr. Paronich's concerns, the provision should be removed from consideration.

6. Rather than calling and conferring on next steps, Plaintiff's counsel filed the Motion the next morning—despite the fact that there are still other material issues that have not been agreed to. Since Moore filed the Motion, OWE's counsel has reiterated that (i) the attorney representation provision does not need to be included in any settlement; but (ii) there are the other material, disputed issues that have not been agreed to yet. As part of that outreach, Mr. Bulls asked that Mr. Paronich withdraw the Motion until determining whether the remaining issues could be resolved. To date, Mr. Paronich would not agree to do so; however, the attorneys have had additional discussions about resolving the claims between Moore and OWE (and will continue those discussions to determine if a settlement can be reached).

7. To be clear, and as set forth herein, since it has been raised, the attorney representation provision is no longer an issue. Nonetheless, OWE and Moore have not "reached agreement on all substantive terms necessary to resolve this litigation." There is, thus, no settlement for the Court to enforce or to facilitate. *See* Fed. R. Civ. P. 16(a)(5). Unless these disagreements can be quickly resolved, OWE believes that the parties should move forward with

the jurisdictional depositions so that they can be completed by the deadline set by the Court (August 31, 2026).[1]

## II.

For the reasons stated herein, OWE respectfully requests that the Court deny Plaintiff any relief.

Respectfully submitted,

*/s/ Caleb B. Bulls*
Caleb B. Bulls
caleb.bulls@kellyhart.com
State Bar No. 24082749
**KELLY HART & HALLMAN LLP**
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
*Admitted Pro Hac Vice*

Erik J. Ives (ARDC #6289811)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1202
eives@foxswibel.com

***Attorneys for Defendant Our World Energy***

---

[1] Moore's counsel has indicated that he will not permit any of the jurisdictional depositions move forward until the Court holds a Rule 16 conference.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record via the Court's ECF filing system and/or electronic mail on July 31, 2026:

Anthony Paronich
anthony@paronichlaw.com
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Justin Penn
Natalie Burris
**HINSHAW & CULBERTSON, LLP**
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606


*/s/ Caleb B. Bulls*_____
Caleb B. Bulls