**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA ELECTRIC GROUP LLC D/B/A OMNI POWER and OUR WORLD ENERGY LLC,<br><br>Defendants. | : | CIVIL ACTION FILE NO. 1:25-cv-13487 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**<u>MOTION OF COUNSEL FOR ALPHA ELECTRIC GROUP LLC TO WITHDRAW</u>**

Plaintiff George Moore respectfully opposes the Motion of counsel for Defendant Alpha Electric Group LLC d/b/a Omni Power ("Alpha") to withdraw, at least unless and until substitute counsel appears and Alpha completes its outstanding discovery obligations. Plaintiff does not seek to require Alpha's present counsel to remain indefinitely if withdrawal is otherwise appropriate. But withdrawal at this particular stage, without substitute counsel and without protection for the discovery that remains outstanding, would materially prejudice Plaintiff and potentially permit Alpha to obtain a strategic advantage by ceasing participation in this putative TCPA class action before producing the discovery necessary to litigate Plaintiff's claims and class allegations.

This is not a case in which counsel seeks to withdraw before meaningful litigation has occurred. Alpha answered the Complaint, participated in discovery for months, responded to a motion to compel, participated in repeated discovery conferences and status reports, produced some discovery, acknowledged the existence of substantial additional responsive material, and scheduled depositions with Plaintiff. The Court itself has spent considerable time managing

Alpha's discovery obligations.

Yet important discovery remains outstanding. Among other things, Alpha previously acknowledged the existence of more than 100,000 emails between Alpha and former co-Defendant Our World Energy LLC ("OWE"), as well as additional correspondence between Alpha and Kingman Solar Power LLC, the entity with which Alpha entered into an agreement to jointly establish and operate the call center involved in the telemarketing campaign. Plaintiff has also been attempting to complete the deposition of Alpha's designated representative. Allowing Alpha's attorneys to withdraw now, without substitute counsel and without ensuring that Alpha completes discovery, creates a substantial risk that none of this discovery will ever be completed.

That concern is particularly acute because Alpha is a limited liability company that cannot simply proceed pro se after its lawyers withdraw. If no replacement counsel appears, Alpha cannot continue defending this litigation through an officer, employee, owner, or other nonlawyer representative. Withdrawal therefore potentially means not merely a change of attorneys, but Alpha's complete cessation of participation in this action.

For these reasons, Plaintiff respectfully requests that the Court deny the Motion without prejudice, or alternatively condition withdrawal upon the appearance of substitute counsel and the completion and preservation of Alpha's outstanding discovery obligations. Plaintiff further requests that the Court require Alpha's corporate representative to participate in the September 8, 2026 hearing, as the Court has already requested, so that the Court may determine whether Alpha intends to obtain substitute counsel and continue participating in this litigation.

**Background**

Plaintiff filed this putative TCPA class action against Alpha and OWE arising from telemarketing calls promoting solar products and services. Alpha appeared through present

counsel in December 2025 and answered the Complaint on January 9, 2026.

Discovery commenced shortly thereafter. On December 30, 2025, the Court expressly declined to defer discovery and directed that discovery proceed. See ECF No. 17. The Court subsequently confirmed that discovery could proceed against Alpha while jurisdictional issues concerning OWE remained under consideration. See ECF No. 29.

Discovery concerning Alpha quickly required Court intervention. Plaintiff filed a motion to compel Alpha on April 14, 2026. ECF No. 30. The motion concerned, among other things, correspondence between Alpha and OWE and correspondence between Alpha and Kingman Solar Power LLC.

Those materials are significant because discovery revealed that Alpha entered into an agreement with Kingman to jointly establish and operate a call center dedicated to solar appointment generation. Under that arrangement, Alpha funded call-center expenses while Kingman supplied personnel and management responsible for generating leads through outbound communications. The parties' communications therefore bear directly on the operation of the telemarketing campaign alleged in the Complaint. Alpha did not contend that these communications did not exist. To the contrary, during discovery Alpha represented that there were more than 100,000 emails between Alpha and OWE during the relevant period, together with additional correspondence between Alpha and Kingman. Plaintiff proposed search terms and limitations designed to facilitate production.

Alpha nevertheless repeatedly failed to complete production on the dates it proposed. Alpha first represented that it would supplement its responses and explain the missing communications by April 3, 2026. That did not occur. Counsel then represented that supplementation would occur by April 13. That also did not occur. After Plaintiff filed the

motion to compel, Alpha represented that a rolling production would occur and that approximately half of the responsive materials would be produced by April 17. That production likewise did not occur as represented.

The Court thereafter actively supervised discovery. On April 21, the Court directed the parties to provide a detailed status report identifying everything that had been produced, everything remaining outstanding, and any deficiencies. ECF No. 34. Additional status reports and hearings followed throughout May and June.

The parties also attempted to schedule depositions. OWE was ultimately dismissed from the action in August 2026, leaving Alpha as the remaining Defendant. See ECF Nos. 55–56. That dismissal does not eliminate the importance of the discovery concerning Alpha's telemarketing operations, Kingman, the call center, calling practices, vendors, leads, or communications. Those materials remain directly relevant to Plaintiff's claims against Alpha and to the putative class allegations.

On August 26, 2026, Alpha's counsel advised the Court that a motion to withdraw would shortly be filed. ECF No. 59. The Court set the matter for hearing on September 8, 2026 and specifically requested that a representative of Alpha participate. *Id.* Alpha's counsel thereafter filed the present Motion on August 28, 2026. ECF No. 60.

**Legal Argument**

The ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw when "good cause for withdrawal exists." *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7). But the existence of grounds between an attorney and client does not end the inquiry.

The Seventh Circuit has specifically recognized that circumstances surrounding withdrawal may justify denying the request. "A lawyer engaged in strategic conduct may forfeit any right to withdraw." *Id.* Likewise, "prejudice to third parties—who might have more to lose than the unpaid lawyer—is another potential ground for denying a motion to withdraw." *Id.*

Those considerations are directly implicated here.

Alpha has actively litigated this action for approximately nine months. Its counsel has answered the Complaint, participated in discovery, responded to a motion to compel, participated in numerous Court conferences and status reports concerning discovery, negotiated a confidentiality order, coordinated depositions, and made representations concerning the production of responsive materials.

But significant discovery concerning Alpha remains incomplete.

Most importantly, Alpha has acknowledged the existence of enormous volumes of communications relevant to the telemarketing relationships at issue. Alpha represented that it possessed more than 100,000 emails with OWE during the relevant period and additional correspondence with Kingman. Plaintiff sought those materials because Alpha's relationship with Kingman involved a joint call-center operation established specifically for solar appointment generation.

Alpha did not simply object to the discovery and obtain a ruling sustaining its objections. Alpha acknowledged that responsive documents existed, agreed to produce responsive materials, accepted proposed search limitations, and made repeated production commitments. Those commitments were not completed as promised.

The timing of withdrawal therefore matters. If Alpha's counsel withdraws now and no substitute counsel appears, Plaintiff may lose any practical ability to obtain the discovery Alpha

has already acknowledged exists. Plaintiff may likewise lose the opportunity to examine Alpha through a corporate representative concerning its call center, telemarketing practices, vendors, records, lead sources, and other matters central to Plaintiff's claims.

The Court has already invested substantial resources managing this discovery. It required a detailed joint report specifying what had been produced, what remained outstanding, and the deficiencies in production. It conducted repeated status hearings. It directed further production updates. It entered a confidentiality order facilitating the exchange of documents. Withdrawal should not be permitted to undo those efforts or leave Plaintiff in a worse position merely because Alpha's relationship with its attorneys has now deteriorated.

Whatever dispute may exist between Alpha and its attorneys, Plaintiff did not cause it and should not bear its consequences. The Court should therefore deny withdrawal absent adequate safeguards protecting Plaintiff and the integrity of the discovery process.

If Alpha does not intend to engage new counsel and defend the case, Alpha would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding

that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford Alpha a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the key evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil

Procedure 23(a) and are therefore discoverable.”). If current counsel withdraws and is not replaced and Alpha defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Mr. Moore will be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Alpha.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Mr. Rojas and the members of the putative class.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to Withdraw without prejudice unless and until substitute counsel appears for Alpha Electric Group LLC.

Alternatively, if the Court permits withdrawal, Plaintiff requests that the Court condition withdrawal upon appropriate measures protecting Plaintiff from prejudice, including requiring Alpha's authorized corporate representative to participate in the September 8, 2026 hearing; requiring Alpha to advise whether and when substitute counsel will appear; expressly continuing Alpha's preservation and discovery obligations; requiring completion of Alpha's outstanding

document production and corporate representative deposition within a definite period established by the Court; and granting such other relief as the Court considers appropriate.

Dated: August 31, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*